[Crim. No. 2536.   Second Appellate District, Division One.—August 17, 1934.]

THE PEOPLE, Respondent, v. ALTON THOMAS TULLY, Appella

Theodore Rosenthal, Arthur C. Webb and James MacIntosh for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

YORK, J.—By information the defendant was accused of the crime of attempted rape.   By verdict of the jury he was found guilty as charged.   From the judgment of conviction

and from the order denying his motion for a new trial he prosecutes this appeal.

■ This court cannot weigh the evidence, except that, in examining affidavits presented in support of a motion for a new trial, it may consider the possible effect of the introduction of such evidence as is shown in the affidavits, for the purpose of determining whether or not there is a probability of a different or other verdict being rendered by the jury, if such evidence were before it. ■ Although these affidavits might be considered as cumulative, nevertheless, after an examination of the entire record, we are of the opinion that, under the facts and circumstances introduced in evidence in this case, especially by reason of the fact that the intent is proven only by the testimony of the complaining witness, it was error on the part of the trial court to refuse to grant the motion for new trial. Defendant was entitled to present to the jury evidence as to what the complaining witness had said to the parties making the affidavits regarding the way in which she acquired her bruised face. There is a reasonable probability that the newly discovered evidence would have changed the result and this is especially true, when it is noted that the prosecuting attorney got before the jury in an irregular way evidence as to trouble the defendant had had with reference to other women, although there was no contention that he had ever been convicted of any offense against any woman, as intimated by the prosecuting attorney.

The judgment and order are reversed and a new trial is ordered.

Conrey, P. J., and Houser, J., concurred.